UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

Z.G.,

    Petitioner,

    v.                                      CAUSE NO. 3:26cv119 DRL-SJF

SAMUEL OLSON, BRIAN ENGLISH,
KRISTI NOEM, PAMELA BONDI,

    Respondents.

ORDER TO SHOW CAUSE

Immigration detainee Z.G., by counsel, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, alleging he is unlawfully confined in violation of the laws or Constitution of the United States. Z.G. alleges he entered the United States in 2021, was inspected by United States Customs and Border Protection, and was paroled into the United States with authorization to remain through August 30, 2023. In 2022, Z.G. applied for asylum and for special immigrant status. He says he was granted special immigrant status and later employment authorization. Z.G. reports that he then filed for permanent resident status. His parole was extended through August 31, 2025.

On September 4, 2025, a few days after his parole expired, he was arrested by United States Immigration and Customs Enforcement (ICE). Z.G. filed a petition for a writ of habeas corpus in the Southern District of Indiana on November 19, 2025. *See Z.G. v. Olson*, No. 25-cv-00584 (S.D. Ind. filed Nov. 19, 2025). He was afforded habeas relief in

the form of an order requiring release or a bond hearing within seven days of the order. On January 16, 2026, an immigration judge denied him bond.

Z.G.'s asylum claim was heard by a different immigration judge, who granted his application for asylum on January 21, 2026 or alternatively granted his application for withholding of removal. Z.G. complains that, despite the grant of asylum, he has not been released or given a release date. Instead, he was transferred to Miami Correctional Facility. Z.G. argues the grant of asylum imparted upon him the right to stay in the United States free of constraint. He asserts that his continued detention violates ICE's longstanding Fear-Based Grant Release Policy to release noncitizens immediately after a grant of asylum and also violates the Fifth Amendment.

The court has subject matter jurisdiction under 28 U.S.C. § 2241 to review the legality of petitioner's detention, but that jurisdiction does not extend to reviewing orders of removal issued by an immigration court or discretionary decisions of the Attorney General. *See Demore v. Kim*, 538 U.S. 510, 517 (2003); *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). Here, review seems limited to whether Z.G.'s current detention is unlawful. Therefore, the court will order an answer to the petition.

Z.G. moves for leave to be identified solely by his initials in this case. "The norm in federal litigation is that all parties' names are public." *Doe v. Trs. of Indiana Univ.*, 101 F.4th 485, 491 (7th Cir. 2024). That is because "[j]udicial proceedings are open to the public, which has an interest in knowing the who and the how about the behavior of . . . those who call on the large subsidy of the legal system." *Id.* Nevertheless, the court has "discretion to permit pseudonymous litigation when the balance of harms justifies it."

2

*Doe v. Young*, No. 24-2871, 2025 WL 927320, 2 (7th Cir. Mar. 27, 2025) (unreported). "Anonymity can be justified by a minor's status, a substantial risk of harm, or improper retaliation from a third party." *Id.*

In looking at the details surrounding the grant of asylum, it is evident that disclosure of information about Z.G.'s identity and the circumstances surrounding his asylum application could put him and his family at risk of retaliation. Under these circumstances, the court finds sufficient grounds to permit him to proceed anonymously. *P.A.-V. v. Bondi*, 148 F.4th 511, 515 n.1 (7th Cir. 2025) (granting petitioner's motion to proceed under a pseudonym and observing that "fear of retaliatory acts of violence. . . renders anonymous litigation prudent"); *E.F.L. v. Prim*, 986 F.3d 959, 961 (7th Cir. 2021) (granting motion to proceed pseudonymously due to her "allegations of domestic abuse and her fear of retaliation"); *Doe v. Gonzales*, 484 F.3d 445, 446 (7th Cir. 2007) (petitioner permitted to litigate under a pseudonym due to fear of violence in home country).

Additionally, Z.G. moves to file under seal an exhibit containing the immigration judge's order grant of asylum. ECF 4. For the same reasons, he will be allowed to maintain the exhibit (ECF 5) under seal.

Finally, Z.G. includes respondents who are not his "immediate custodian" and who do not exercise "day-to-day control" over Miami Correctional Facility, where he is being held. *Kholyavskiy v. Achim*, 443 F.3d 946, 953 (7th Cir. 2006). Relying on *Rumsfeld v. Padilla*, 542 U.S. 426 (2004), the court of appeals there concluded the proper respondent in an immigration habeas case challenging the constitutionality of a petitioner's confinement is the warden of the facility where the petitioner is being held, not a

supervisory official who has the authority to free the petitioner. Therefore, he will be ordered to show cause why all respondents other than the Warden of Miami Correctional Facility should not be immediately dismissed from this proceeding. Though the court will ensure notice to these parties, the court anticipates that, given normal protocols, the United States Attorney for the Northern District of Indiana will respond on behalf of the federal government and the custodial warden.

For these reasons, the court:

(1) GRANTS the motion to proceed under pseudonym (ECF 3) and ORDERS the parties to refer to the petitioner by Z.G., and not his full name;

(2) GRANTS the motion to seal (ECF 4) and DIRECTS the clerk to maintain Exhibit A (ECF 5) under seal;

(3) DIRECTS the clerk to serve a copy of this order and the petition (ECF 1) by certified mail, return receipt requested, to (a) the Civil-Process Clerk for the United States Attorney for the Northern District of Indiana; (b) the Attorney General of the United States; (c) the Interim Director of the Chicago ICE Field Office at the Office of the Principal Legal Advisor; (d) the Secretary of Homeland Security at the Office of the General Counsel and (e) the Warden of Miami Correctional Facility at the Indiana Department of Correction;

(4) DIRECTS the clerk to email a copy of this order and the petition (ECF 1) to (a) the Indiana Department of Correction; (b) the Warden of Miami Correctional Facility at Miami Correctional Facility, and (c) the United States Attorney for the Northern District of Indiana;

4

(5) ORDERS the people listed in the previous order line to acknowledge receipt of the petition to the clerk and DIRECTS the clerk to make a notation on the docket upon receiving confirmation of receipt of those deliveries;

(6) ORDERS such respondents to file an answer to the petition by **March 4, 2026**, addressing petitioner's arguments that he is being illegally detained and providing relevant immigration records necessary to evaluate those arguments, including without limitation the immigration judge's decision denying him bond and any other documentation regarding the decision to maintain Z.G. in custody; and

(7) GRANTS the petitioner until **March 11, 2026,** to file a reply in support of his petition, and ORDERS him to show cause by that date why all respondents other than his immediate custodian should not be dismissed from the case.

SO ORDERED.

February 24, 2026               *s/ Damon R. Leichty*
                                Judge, United States District Court